UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOUSTON CASUALTY COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>HUDSON EXCESS INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT WITH JURY DEMAND** |

Plaintiff Houston Casualty Company ("HCC"), by its attorneys London Fischer LLP, alleges the following as its Complaint for Declaratory Judgment against defendant Hudson Excess Insurance Company ("HUDSON"):

## THE NATURE OF THE ACTION

1. This is an action for declaratory relief and contribution arising from defendant HUDSON's breach of its obligation to defend and indemnify HCC's named insured Cow Bay Sprinkler Corp. d/b/a Cow Bay Contracting ("Cow Bay") as an additional insured under policies issued by HUDSON to subcontractor Grace Contracting of NYC, Inc. ("Grace"), in connection with an underlying action involving alleged bodily injury.

## THE PARTIES

2. Plaintiff HCC is an insurance company incorporated under the laws of the State of Texas and has its principal place of business in Texas. HCC is authorized to sell or write insurance in New York and, at all material times, has conducted and continues to conduct substantial business in the state of New York.

3. Defendant HUDSON is an insurance company incorporated under the laws of Delaware and has its principal place of business at 100 William Street, 5th Floor, New York, New York. HUDSON is authorized to sell or write insurance in New York and, at all material times, has conducted and continues to conduct substantial business in the state of New York.

**JURISDICTION AND VENUE**

4. Subject matter jurisdiction is based upon 28 U.S.C. § 1332 and 28 U.S.C. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policies of insurance.

5. Personal jurisdiction over HUDSON is proper as its principal place of business is in the State of New York and it conducts business in the State of New York.

6. Venue is proper under 28 U.S.C. § 1391 in that defendant HUDSON's principal place of business is in this district.

**THE UNDERLYING ACTION**

7. This suit arises out of an Underlying Action captioned *Okowsky v. City of New York, et al.*, pending in New York Supreme Court, Queens County, Index No. 740350/2019 (the "Underlying Action"). The plaintiff in the Underlying Action, Eileen Okowsky, alleges she suffered injuries when she tripped and fell at the sidewalk and curb located at 98th Street, between 63rd Road and 63rd Drive, Rego Park, Queens, New York (the "Premises") on October 3, 2018. A copy of the Complaint in the underlying action is annexed hereto as **Exhibit "A"**.

8. The Complaint in the Underlying Action alleges that, because of the defendants' negligence, Okowsky was caused to trip and fall due to broken and missing concrete in the curb.

9. Cow Bay and Grace are both defendants in the Underlying Action. Cow Bay has

denied any and all acts of negligence or other allegations of liability, and has asserted cross-claims against Grace for contractual indemnification, common law indemnification, and breach of contract. Annexed hereto as **Exhibit "B"** is a copy of Cow Bay's Amended Answer to the Complaint in the Underlying Action.

## THE SUBCONTRACT

10. On or about June 10, 2015, Cow Bay entered into a subcontract with Grace relating to work at the Premises (the "Subcontract"). A copy of the Subcontract is annexed hereto as **Exhibit "C"**.

11. On or about October 2, 2015, Cow Bay and Grace entered into a Subcontract Change Order (the "First Subcontract Change Order"). A copy of the First Subcontract Change Order is annexed hereto as **Exhibit "D"**.

12. The First Subcontract Change Order modified the Subcontract to include further work at the Premises, including "Remove/replace new sidewalk and curb where required."

13. On or about October 24, 2015, Cow Bay and Grace entered into a further Subcontract Change Order (the "Second Subcontract Change Order"). A copy of the Second Subcontract Change Order is annexed hereto as **Exhibit "E"**.

14. The Second Subcontract Change Order modified the Subcontract to include further work at the Premises, including "Remove/replace new sidewalk and curb where required."

15. On the first page of the Subcontract, boxes are checked pertaining to certain insurance liability coverage to be provided by Grace to Cow Bay, including General Liability and Hold Harmless coverage.

16. The Subcontract also contained an indemnification provision, pursuant to which Grace is obligated, to the fullest extent permitted by law, to indemnify and hold harmless Cow

Bay against any and all losses arising out of Grace's work.

17. The Subcontract required Grace to obtain commercial general liability insurance with policy limits of $1 million each occurrence and $2 million general aggregate, as well as excess liability insurance with a policy limit of $5 million.

**INSURANCE COVERAGE**

18. HUDSON issued to Grace a commercial general liability insurance policy, policy no. HXMP101796, with an effective period of August 27, 2018 to August 27, 2019 (the "Hudson Primary Policy"). A copy of the Hudson Primary Policy is annexed hereto as **Exhibit "F".**

19. The Hudson Primary Policy has limits of $1 million each occurrence and $2 million aggregate.

20. The Hudson Primary Policy adds as additional insureds those organizations for which Grace agreed by written contract to provide such coverage.

21. Since Grace agreed in the Subcontract to name Cow Bay as an additional insured on its policies, Cow Bay qualifies as an additional insured under the Hudson Primary Policy.

22. The Hudson Primary Policy provides additional insured coverage to Cow Bay for bodily injury caused, in whole or in part, by Grace's work at the Project.

23. As alleged in the Underlying Action, Ms. Okowsky's injuries were caused, in whole or in part, by Grace's work at the Project.

24. HUDSON also issued to Grace an excess liability insurance policy, policy no. HXMX201337, with an effective period of September 7, 2018 to August 27, 2019 (the "Hudson Excess Policy"). A copy of the Hudson Excess Policy is annexed hereto as **Exhibit "G"**.

25. The Hudson Excess Policy has limits of $5 million each occurrence and aggregate in excess of the limits of the Hudson Primary Policy.

26. Pursuant to the terms of the Hudson Excess Policy, additional insureds under the Hudson Primary Policy are also additional insureds under the Hudson Excess Policy.

27. HCC issued Policy No. H18PC30983-00 to Cow Bay for the policy period June 9, 2018 to June 9, 2019 (the "HCC Policy"). A copy of the HCC Policy is annexed hereto as **Exhibit "H"**.

28. The HCC Policy applies in excess of any other primary insurance available to Cow Bay under which Cow Bay has been added as an additional insured by attachment of an endorsement, such as the Hudson Primary Policy.

**TENDER OF THE DEFENSE**

29. Upon receipt of the Summons and Complaint in the Underlying Action, Cow Bay tendered its defense to and requested indemnification from HUDSON pursuant to the Subcontract and the Hudson policies.

30. HUDSON responded to Cow Bay's tender by disclaiming coverage.

31. An actual controversy exists between the parties with respect to the defense and indemnification of Cow Bay in the Underlying Action.

32. HCC has no adequate remedy at law.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Declaratory Judgment – Additional Insured Status Under the Hudson Primary Policy)**

33. HCC repeats and realleges each and every allegation set forth in paragraphs "1" through "32" as though fully set forth herein.

34. As required by the Subcontract and pursuant to the terms of the Hudson Primary Policy, Cow Bay is an additional insured under the Hudson Primary Policy in connection with the Underlying Action.

35. HUDSON has failed to acknowledge that Cow Bay is an additional insured under

the Hudson Primary Policy in connection with the Underlying Action.

36. HCC is entitled to a declaration that Cow Bay is an additional insured under the Hudson Primary Policy in connection with the Underlying Action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Declaratory Judgment – Duty to Defend Under the Hudson Primary Policy)**

37. HCC repeats and realleges each and every allegation set forth in paragraphs "1" through "36" as though fully set forth herein.

38. Pursuant to the terms of the Hudson Primary Policy, HUDSON has an obligation to defend Cow Bay as an additional insured in the Underlying Action.

39. HUDSON has failed to defend Cow Bay as an additional insured in the Underlying Action.

40. As a result of HUDSON's failure to defend Cow Bay as an additional insured in the Underlying Action, HCC is currently defending Cow Bay in the Underlying Action.

41. HCC has incurred, and continues to incur, expenses, including attorneys' fees and other costs in connection with the defense of Cow Bay in the Underlying Action.

42. HCC is entitled to a declaration that HUDSON is obligated to defend Cow Bay in the Underlying Action under the Hudson Primary Policy, and HCC is entitled to withdraw from the defense of Cow Bay.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Declaratory Judgment – Duty to Indemnify Under the Hudson Primary Policy)**

43. HCC repeats and realleges each and every allegation set forth in paragraphs "1" through "42" as though fully set forth herein.

44. Under the Hudson Primary Policy, HUDSON has an obligation to indemnify Cow Bay for all amounts for which Cow Bay may become legally obligated to pay as damages because

of bodily injury in connection with the Underlying Action, up to the $1 million per occurrence limit under the Hudson Primary Policy.

45. In addition, pursuant to the Subcontract, Grace is contractually obligated to indemnify Cow Bay for any liability Cow Bay may have in the Underlying Action. The Hudson Primary Policy provides coverage, up to its limit, for Grace's contractual indemnification obligation to Cow Bay.

46. HUDSON has failed to acknowledge its obligation under the Hudson Primary Policy to indemnify Cow Bay in the Underlying Action.

47. HCC is entitled to a declaration that HUDSON is obligated under the Hudson Primary Policy to indemnify Cow Bay in the Underlying Action, up to the limits of the Hudson Primary Policy.

## AS AND FOR A FOURTH CAUSE OF ACTION
**(Declaratory Judgment – Additional Insured Status Under the Hudson Excess Policy)**

48. HCC repeats and realleges each and every allegation set forth in paragraphs "1" through "47" as though fully set forth herein.

49. As required by the Subcontract and pursuant to the terms of the Hudson Excess Policy, Cow Bay is an additional insured under the Hudson Excess Policy in connection with the Underlying Action.

50. HUDSON has failed to acknowledge that Cow Bay is an additional insured under the Hudson Excess Policy in connection with the Underlying Action.

51. HCC is entitled to a declaration that Cow Bay is an additional insured under the Hudson Excess Policy in connection with the Underlying Action.

**<u>AS AND FOR A FIFTH CAUSE OF ACTION</u>**
**(Declaratory Judgment – Duty to Indemnify Under the Hudson Excess Policy)**

52. HCC repeats and realleges each and every allegation set forth in paragraphs "1" through "51" as though fully set forth herein.

53. Under the Hudson Excess Policy, HUDSON has an obligation to indemnify Cow Bay for all amounts for which Cow Bay may become legally obligated to pay as damages because of bodily injury in connection with the Underlying Action, in excess of the $1 million per occurrence limit under the Hudson Primary Policy and up to the Hudson Excess Policy's $5 million limit.

54. In addition, pursuant to the Subcontract, Grace is contractually obligated to indemnify Cow Bay for any liability Cow Bay may have in the Underlying Action. Upon exhaustion of the Hudson Primary Policy, the Hudson Excess Policy provides coverage, up to its limit, for Grace's contractual indemnification obligation to Cow Bay.

55. HUDSON has failed to acknowledge its obligation under the Hudson Excess Policy to indemnify Cow Bay in the Underlying Action for amounts in excess of the limits of the Hudson Primary Policy.

56. HCC is entitled to a declaration that HUDSON is obligated under the Hudson Excess Policy to indemnify Cow Bay in the Underlying Action for amounts in excess of the limits of the Hudson Primary Policy, up to the Hudson Excess Policy's limit.

**<u>AS AND FOR A SIXTH CAUSE OF ACTION</u>**
**(Contribution)**

57. HCC repeats and realleges each and every allegation set forth in paragraphs "1" through "56" as though fully set forth herein.

58. The Hudson Primary Policy and Hudson Excess Policy provide coverage to Cow

Bay for the Underlying Action.

59. HCC has incurred, and continues to incur, expenses, including attorneys' fees and other costs, in connection with the defense of Cow Bay in the Underlying Action.

60. The expenses, including attorneys' fees and other costs, incurred by HCC in connection with the defense of Cow Bay in the Underlying Action should have been paid exclusively by HUDSON.

61. HCC is entitled to damages and an order from this Court directing HUDSON to reimburse HCC for all amounts paid by HCC for the defense of Cow Bay in the Underlying Action, together with interest at the statutory rate of nine percent per year.

**PRAYER FOR RELIEF**

WHEREFORE, HCC respectfully requests that the Court enter judgment as follows:

(a) Declaring that Cow Bay is an additional insured under the Hudson Primary Policy with respect to the Underlying Action;

(b) Declaring that HUDSON is obligated to defend Cow Bay in the Underlying Action under the Hudson Primary Policy, and HCC is entitled to withdraw from the defense of Cow Bay;

(c) Declaring that HUDSON is obligated to indemnify Cow Bay in the Underlying Action under the Hudson Primary Policy, up to the policy's limits;

(d) Declaring that Cow Bay is an additional insured under the Hudson Excess Policy with respect to the Underlying Action;

(e) Declaring that HUDSON is obligated to indemnify Cow Bay in the Underlying Action under the Hudson Excess Policy for amounts in excess of the limits of the Hudson Primary Policy, up to the limits of the Hudson Excess Policy;

(f) Awarding damages to HCC and against HUDSON for all costs and expenses incurred by HCC in the defense of Cow Bay in the Underlying Action, along with interest at the statutory rate of nine percent per year;

(e) Awarding HCC the costs and disbursements of this action; and

(f) Awarding HCC such other, further and different relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, HCC demands a trial by jury in this action of all issues triable by jury.

Dated: New York, New York
April 12, 2021

LONDON FISCHER LLP

By: ______________________

Daniel W. London
Jan H. Duffalo
59 Maiden Lane
New York, New York 10038
(212) 972-1000
LF File No. 127.0567107

*Attorneys for Plaintiff*
*Houston Casualty Company*

TO: HUDSON EXCESS INSURANCE COMPANY
100 William Street, 5th Floor
New York, NY 10038