UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOUSTON CASUALTY COMPANY,

Plaintiff,

-v-

HUDSON EXCESS INSURANCE COMPANY,

Defendant.

21-cv-3182 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

Familiarity with the procedural background to this action is here assumed. As relevant here, on April 13, 2021, Plaintiff and Counter Defendant Houston Casualty Co. ("Houston") filed a complaint against Defendant and Counter Claimant Hudson Excess Insurance Company ("Hudson") seeking a declaratory judgment that Hudson has a duty to defend and indemnify Houston's named insured Cow Bay Contracting ("Cow Bay") in an underlying state court action. ECF No. 1. On June 22, 2021, Hudson filed an answer and counterclaims, seeking a declaratory judgment that Hudson has no duty to defend or indemnify Cow Bay as an additional insured in the underlying state court action. ECF No. 12. Houston filed an answer to Hudson's counterclaims on July 2, 2021. ECF No. 13.

The parties dispute Hudson's duty to defend in an underlying state court action where the plaintiff alleges bodily injury arising out of negligence on the part of the contractor and

subcontractor insured by Houston and Hudson, respectively. Houston insured contractor Cow Bay, which hired Hudson's named insured, subcontractor Grace Contracting of NYC Inc. ("Grace"). Our Lady of Angelus Catholic Academy ("Catholic Academy") in turn hired Cow Bay, and Cow Bay entered with Grace into a subcontract, dated June 10, 2015, for Grace to do work on sidewalks and curbs at Catholic Academy. On March 13, 2019, Eileen Okowsky filed suit against Cow Bay and Grace (along with the City of New York and Catholic Academy) in New York state court (the underlying "Okowsky action"). The Okowsky complaint alleges that on October 3, 2018, Ms. Okowsky slipped, fell, and sustained injuries because of broken and missing concrete, allegedly caused by negligence on the part of Cow Bay, Grace, and/or the other defendants. The complaint alleges that this occurred where Grace was working.

Now before the Court are the parties' cross motions for partial summary judgment on the issue of Hudson's duty to defend Cow Bay in the Okowsky action. See ECF Nos. 14, 19. Hudson has been paying Grace's defense costs but has rejected tender of Cow Bay's defense costs. Hudson seeks a declaration that it has no duty to defend Cow Bay; Houston seeks a declaration that Hudson has a duty to defend Cow Bay, along with contribution of the defense costs Houston has been paying for Cow Bay in the Okowsky action. As set forth in further detail below, the Court finds that

Hudson has a duty to defend Cow Bay in the Okowsky action. Accordingly, the Court grants Houston's motion for partial summary judgment on Hudson's duty to defend and denies Hudson's motion.

## **Background**

Except where otherwise noted, the following facts, either undisputed or taken most favorably to the non-moving party, are taken from the parties' Rule 56.1 statements:

The Cow Bay-Grace Subcontract

Grace and Cow Bay entered into a subcontract, dated June 10, 2015, in which Grace agreed to perform certain work at multiple locations, "including the OLA project"; among the work described is "concrete cutting." Cow Bay and Grace also agreed to a subcontract change order 1, dated October 2, 2015, which describes work to be done on the school side of 63rd Drive, including removing and replacing new sidewalk and curb. Cow Bay and Grace then agreed to a second subcontract change order 2, dated October 24, 2015, which describes work to be done on the church side of 98th Street, including removing and replacing new sidewalk and curb.

The subcontract states that Grace "must return with your package a CERTIFICATE OF LIABILITY INSURANCE. You will see the amount requirements in the attachment 'A' document. Note that your

insurance document must include Cow Bay as additionally insured." The subcontract also states that "[h]erein are the insurance guidelines that are required in your insurance certificate," and lists that for general liability, the insurance must provide $1 million for each occurrence. The certificate of insurance, dated September 7, 2018, does not identify Cow Bay as an additional insured.[1]

Grace completed its work at Catholic Academy no later than June 2016 and thereafter did not return to perform any work at Catholic Academy. On October 31, 2016, Catholic Academy paid Cow Bay in full for Cow Bay's sidewalk and curb repair services.

The Underlying *Okowsky* Action

Eileen Okowsky filed suit on March 13, 2019, in New York state court, against the City of New York, Catholic Academy, Cow Bay, and Grace. The Okowsky complaint alleges that on or before October 3, 2018, Grace "performed certain work on the sidewalk and curb of 98th Street between 63rd Road and 63rd Drive" at the Catholic Academy campus. The complaint alleges that Ms. Okowsky slipped, fell, and sustained injuries because of broken and missing concrete "due to the carelessness, recklessness and negligence on the part

---

1 Though neither party refers to it in their 56.1 statement or response, the certificate of insurance is attached to Hudson's cross motion for summary judgment. See Lewbel Decl. Ex. M, ECF No. 20.

of" Grace. The complaint also alleges that Ms. Okowsky's injuries were due to negligence on the part of Cow Bay.

Cow Bay asserted cross-claims against Grace for contractual indemnification, common law indemnification, and breach of contract, alleging that the incident forming the basis for the Okowsky action arose out of work performed by Grace, and that Ms. Okowsky's injuries were "sustained by reason of the carelessness, recklessness and negligence and/or acts of omissions or commission" by Grace.

The Policy Hudson Issued Grace

The applicable endorsement in Hudson's policy for Grace is the "Additional Insured - Owners, Lessees or Contractors - Completed Operations" ("AICO") Endorsement. The AICO Endorsement states as follows:

| Name of Additional Insured Person(s) or Organization(s) | Location and Description of Completed Operations |
|---|---|
| As required by written contract. | As required by written contract. |
| | |
| | |
| | |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A. Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with

> respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated and described in the Schedule of this endorsement performed for that additional insured and included in the "products – completed operations hazard".
>
> However:
>
> **1.** The insurance afforded to such additional insured only applies to the extent permitted by law; and
>
> **2.** If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

Also at issue is the "other insurance" clause, which states:

> If other valid and collectible insurance is available to the insured for a loss we cover under coverages A or B of this Coverage Part, our obligations are limited as follows:
>
> a. Primary Insurance
>
> This insurance is primary except when Paragraph b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph c. below.

The Policy Houston Issued Cow Bay

As relevant here, Houston's policy for Cow Bay includes an "other insurance" provision that states as follows:

> (1) This insurance is excess over:
>
> . . .
>
> (b) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of endorsement.
>
> (2) When this insurance is excess, we will have no duty under Coverage A or B to defend the insured against any 'suit' if any other insurer has a duty to defend the

> insured against that 'suit.' If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

**Analysis**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party bears the burden of demonstrating the absence of any genuine dispute as to any material fact. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). In determining whether there is a genuine dispute as to any material fact, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." Liberty Lobby, 477 U.S. at 255. The same standards apply when the parties file cross-motions for summary judgment. Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001) ("[W]hen both parties move for summary judgment, asserting the absence of any genuine issues of material fact, a court need not enter judgment for either party. Rather, each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party

whose motion is under consideration.") (internal citations omitted). As set forth below, the Court finds that Hudson has a duty to defend Cow Bay in the Okowsky action and thus grants partial summary judgment in favor of Houston on Hudson's duty to defend.

First, Cow Bay is an additional insured on Hudson's policy for Grace: the policy provides for additional insureds "as required by written contract," and the Cow Bay-Grace subcontract states that Grace's "insurance document must include Cow Bay as additionally insured." Although a box for "additional insured" is not checked on the subcontract, and although the certificate of insurance that Grace returned with the subcontract does not list Cow Bay, these are insufficient to render Cow Bay not an additional insured under Hudson's policy for Grace.

In analyzing an insurer's duty to defend, a court compares the allegations of the underlying complaint with the wording of the insurance policy. See Int'l Bus. Mach. Corp. v. Liberty Mut. Ins. Co., 363 F.3d 137, 144 (2d Cir. 2004) (citing Ruder & Finn Inc. v. Seaboard Sur. Co., 52 N.Y.2d 663 (1981)). Here, a comparison of the Okowsky complaint with the language of Hudson's insurance policy, specifically, the AICO Endorsement, indicates that the Okowsky complaint suggests a reasonable possibility that the policy covers Cow Bay. See Continental Cas. Co. v. Rapid-Am.

Corp., 80 N.Y.2d 640, 648 (1993) (citations omitted) (noting that an insurer has a duty to defend when "the four corners of the complaint suggest - or the insurer has actual knowledge of facts establishing - a reasonable possibility of coverage"). The Okowsky complaint plausibly alleges that Grace's work on the sidewalk caused, in whole or in part, the injuries sustained by Ms. Okowsky when she tripped and fell on broken and missing sidewalk concrete where Cow Bay and Grace had contracted for Grace to work. In any case, any doubt about whether the complaint states a claim within the policy's coverage "must be resolved in favor of the insured and against the carrier." Euchner-USA, Inc. v. Hartford Cas. Ins. Co., 754 F.3d 136, 140 (2d Cir. 2014) (quoting Auto. Ins. Co. of Hartford v. Cook, 7 N.Y.3d 131, 137 (2006)) (internal quotation marks omitted).

The fact that Hudson has attached to its summary judgment motion a declaration of Grace's principal, Mohammed Rana, affirming that Grace never actually performed work in the location where Ms. Okowsky fell, does not absolve Hudson of its duty to defend: an insurer still has a duty to defend "even though facts outside the four corners of [the] pleading indicate that the claim may be meritless or not covered." Euchner-USA, Inc., 754 F.3d at 140 (quoting Auto. Ins. Co. of Hartford, 7 N.Y.3d at 137) (alterations in original). More specifically, extrinsic evidence

that goes directly to the merits of the claims in the underlying action cannot be used to defeat the duty to defend. See City of New York v. Liberty Mut. Ins. Co., No. 15-CV-8220 (AJN), 2017 WL 4386363, at **13-15 (S.D.N.Y. Sept. 28, 2017) (noting that under New York law, extrinsic evidence that "goes to an issue relevant to the merits of the underlying complaints" cannot justify the refusal to defend, and that "extrinsic evidence cannot be used to defeat the duty to defend unless it is unrelated to the merits of the underlying plaintiff's action" (internal alterations and quotation marks omitted)). Because the Rana declaration goes directly to the issues in the Okowsky action, it is extrinsic evidence that does not absolve Hudson of its duty to defend.

An insurer's duty to defend applies equally to additionally insured parties seeking defense in an underlying action. See BP Air Conditioning Corp. v. One Beacon Ins. Grp., 8 N.Y.3d 708, 715 (2007). However, where an insurance policy's additional insured endorsement uses language about liability "caused, in whole or in part" by the additional insured's actions -- as the Hudson policy for Grace does in this case -- the named insured must be the proximate cause of the injury giving rise to liability for the additional insured coverage to apply. See Burlington Ins. Co. v. NYC Tr. Auth., 29 N.Y.3d 313, 324 (2017). This does not mean that the endorsement incorporates a negligence requirement, but it

entails something more than "but for" causation. See id. at 323-24. Here, the Okowsky complaint suggests a reasonable possibility that Grace's work on the sidewalk is the proximate cause of Ms. Okowsky's injuries, thus suggesting a reasonable possibility of coverage. See Continental Cas. Co., 80 N.Y.2d at 648. As such, because Cow Bay is an additional insured on Hudson's policy for Grace, Hudson has a duty to defend Cow Bay in the Okowsky action.

Where two policies cover the same occurrence, determining priority of coverage between the policies requires comparing their respective "other insurance" clauses. See Sport Rock Int'l, Inc. v. Am. Cas. Co. of Reading, 878 N.Y.S.2d 339, 344 (1st Dep't 2009). Where one insurance policy is primary and the other is excess (based on the respective "other insurance" clauses), the primary insurer has the duty to defend on behalf of the insureds. See Liberty Mut. Ins. Corp. v. N.Y. Marine & Gen. Ins. Co., 2020 U.S. Dist. LEXIS 229814, at **28-29 (S.D.N.Y. Dec. 7, 2020) (quoting Fieldson Prop. Owners Ass'n, Inc. v. Hermitage Ins. Co., 16 N.Y.3d 257, 264 (2011)).

Here, Hudson's "other insurance" clause states that "[t]his insurance is primary except when Paragraph b. below applies." Neither party argues that the exceptions in Paragraph b. of the Hudson policy apply in this case. The Hudson policy is therefore, by its own terms, primary. The Hudson policy's "other insurance"

clause goes on to say that "[i]f this insurance is primary, our obligations are not affected unless any of the other insurance is also primary." We thus look to the other insurance policy in this case - the Houston policy. The Houston policy provides in its "other insurance" clause that "[t]his insurance is primary except when Paragraph b. below applies." One of the exceptions in Paragraph b. of the Houston policy applies here: the Houston policy is excess over "[a]ny other insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of endorsement." The Houston policy for Cow Bay is therefore not primary. The Houston policy further provides that when it is excess, Houston has no duty to defend the insured against any suit. In summary, reading together the "other insurance" clauses of the two policies, the Hudson policy is primary and the Houston policy is excess. As discussed above, because Cow Bay qualifies as an additional insured under Hudson's policy for Grace, Hudson has a duty to defend Cow Bay and the Hudson policy provides primary coverage.

**Conclusion**

For the reasons set forth above, the Court holds that Hudson has a duty to defend Cow Bay in the underlying Okowsky action. Accordingly, the Court grants Houston's motion for partial summary

judgment on Hudson's duty to defend and denies Hudson's motion. The parties are instructed to place a joint call to chambers to set a briefing schedule on the amount of contribution Hudson owes Houston for the defense costs Houston has been paying for Cow Bay. The Clerk of Court is hereby directed to close the entries at docket numbers 14 and 19.

    SO ORDERED.

Dated:   New York, NY

          October 4, 2021          JED S. RAKOFF, U.S.D.J.